

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 305-8648

April 11, 2025

Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue NW
Washington, D.C. 20001

    RE:  *Associated Press v. Budowich, et al.*, No. 25-5109

Dear Mr. Cislak:

    Yesterday, the government filed in this Court an emergency motion for a stay pending appeal. Our motion explained that the government had sought identical relief from the district court, which had not yet ruled.

    Earlier this afternoon, the district court denied the government's motion. A copy of its order is attached.

                              Sincerely,

                              */s/ Steven A. Myers*
                              Steven A. Myers

cc:    All counsel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ASSOCIATED PRESS**, <br><br> Plaintiff, <br><br> v. <br><br> **TAYLOR BUDOWICH**, in his official capacity as White House Deputy Chief of Staff, *et al*., <br><br> Defendants. | Case No. 1:25-cv-00532 (TNM) |

**MEMORANDUM ORDER**

The Government moves for a stay of this Court's preliminary injunction pending appeal. Mot. Stay, ECF No. 52. The Court has already stayed its injunction, on its own motion, until April 13, 2025, to allow the Government time to appeal. Order, ECF No. 47. The Court will not extend that stay further.

"[A] stay pending appeal is always an extraordinary remedy." *United States v. Philip Morris USA, Inc.*, 449 F. Supp. 2d 988, 990 (D.D.C. 2006) (quoting *Bhd. of Ry. & S.S. Clerks v. Nat'l Mediation Bd.*, 374 F.2d 269, 275 (D.C. Cir. 1966)). The moving party thus faces a "heavy burden" to justify its request. *Id.* Courts evaluate four factors in this decision: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). After considering these factors, the Court denies the Government's request to stay the injunction pending appeal.

1

Most importantly, the Government has not shown it is likely to succeed on the merits. The Government sidesteps traditional forum analysis by invoking an "intimate spaces" exception to the First Amendment. Mot. Stay at 1, 3. But this label is untethered from precedent, which is likely why the Government did not advance this notion at all in its merits arguments for the injunction briefing. To the contrary, the D.C. Circuit suggests that government offices fit squarely into the definition of nonpublic fora. *Price v. Garland*, 45 F.4th 1059, 1068 (D.C. Cir. 2022); *see also Ateba v. Leavitt*, 2025 WL 1036451, at *5 (D.C. Cir. Apr. 8, 2025) ("government office building"). And the Government's motion does not begin to address First Amendment retaliation caselaw, an independent justification for the Court's decision. So the motion fails on the law. But it also misconstrues the facts.

The *first* so-called intimate space the Government addresses is the Oval Office. But the Oval Office is not just a "personal workspace." Mot. Stay at 1. It is the President's formal office, to which Defendants regularly invite a rotating group of 21 journalists for "pool sprays" and historic meetings with world leaders. *Associated Press v. Budowich*, --- F. Supp. 3d ---, 25-cv-00532, 2025 WL 1039572, at *13 (D.D.C. Apr. 8, 2025). The President has other personal workspaces to which Defendants do *not* routinely invite a gaggle of reporters. *See* Angela Tchou, *See Where Does Obama Work?,* Slate (Sept. 10, 2010) [https://perma.cc/U4EC-G545]; *Oval Office Study*, Wikipedia [https://perma.cc/A47T-ZSRD] (small study adjacent to the Oval Office); *see also The Second Floor*, The White House Historical Association [https://perma.cc/3GQ6-RFAG] (Treaty Room on second floor of White House residence). *Those* are truly "intimate spaces," and they are so precisely because Defendants do not regularly invite in prying reporters and the like.

The *second* "intimate space" the Government highlights is Air Force One. Mot. Stay at 1. To be clear, the President travels in first class territory in the nose of this Boeing 747, while the press pool is confined to the rear of the plane. *Cf. Air Force One*, The White House (2025) [https://perma.cc/9P4J-BFRH]. The Government's claim that this jumbo jet configuration is an intimate space is simply not credible.

The Government's *third* intimate space is the Mar-a-Lago Club. True, Mar-a-Lago contains the President's private residential apartment, but it is also an exclusive golf club, with large public rooms open for rental. *See Welcome*, The Mar-a-Lago Club [https://perma.cc/ZP5F-J64L]. The event at issue was an Executive Order signing ceremony with many journalists and local officers in the audience. *See President Trump Signs Executive Orders at Mar-a-Lago*, The White House, 36:45–36:55 (Feb. 18, 2025) [https://perma.cc/6UAE-TJG4]. Whether forum analysis applies to private property in this Government-use context is a close question that the Court need not resolve now—especially considering that the parties did not brief it.

Recall that the Court's Order rests not just on forum analysis, but also on retaliation precedent. *Associated Press*, 2025 WL 1039572, at *17 ("[T]he AP has shown that it is likely to succeed on the merits of its . . . retaliation claims . . . for its exclusion from eligibility for . . . limited-access events"). And under that precedent, "[a]n ordinarily permissible exercise of discretion may become a constitutional deprivation if performed in retaliation for the exercise of a First Amendment right." *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 585 (D.C. Cir. 2002) (cleaned up). Whether or not forum analysis applies here, the Government has given no reason to believe that the First Amendment's retaliation doctrine stops at the threshold of private buildings used for Government functions. And the burden, at this juncture, is the Government's. *Philip Morris USA, Inc.*, 449 F. Supp. 2d at 990.

This Court's conclusion did not rebuff *Sherrill*.  Mot. Stay at 1.  It did not reach the *Sherrill* question at all.  *Associated Press,* 2025 WL 1039572, at *18.  *Sherrill* predated modern forum analysis, and while it discussed viewpoint discrimination, it focused on the Fifth Amendment—a claim that the Order does not reach.  *Id.*; *Sherrill v. Knight*, 569 F.2d 124, 129–30 (D.C. Cir. 1977).  But insofar as *Sherrill* suggests that "arbitrary" discrimination is anathema, that principle supports Plaintiff, not the Government.  *Id.* at 129 ("[A]rbitrary or content-based criteria for press pass issuance are prohibited under the first amendment.").

Next, the parties' competing asserted harms and the relevant equities do not alter the Court's original calculus.  The Government's cherry-picked quote from the cross-examination of an AP witness does not undermine the Court's comprehensive findings of fact.  *See* Mot. Stay at 6 n.2.  As the Court previously found, the AP's text journalists have been systematically banned from large, limited-access events open to the entire White House press corps, and its photographers have experienced more limited access to such events compared to other hard pass holders.  *Associated Press,* 2025 WL 1039572, at *4.  The ban Plaintiff experienced need not be complete to be unconstitutional or irreparable.

In short, the equitable considerations do not favor the Government; the AP will be irreparably harmed without the injunction and that harm would revive upon staying it, while the Government's "policy goals may never triumph over the Constitution."  *Id*. at *18.

Finally, invoking a vague separation-of-powers argument for the first time in a motion to stay does not help the Government's case.  Mot. Stay at 5.  It cites no precedent that would allow this Court to overcome the clear commands of First Amendment precedent in the interest of a greater separation-of-powers concern.  Constitutional protections would be worth little indeed if they wilt in the face of presidential incursion.

For these reasons, it is

**ORDERED** that Defendants' [52] Motion to Stay the Preliminary Injunction is **DENIED.**

**SO ORDERED.**

Dated: April 11, 2025

                                                TREVOR N. McFADDEN
                                                United States District Judge