# Ballard Spahr
LLP

_____

1909 K Street, NW
12th Floor
Washington, DC 20006-1157
TEL 202.661.2200
FAX 202.661.2299
www.ballardspahr.com

Charles D. Tobin
Tel: 202.661.2218
Fax: 202.661.2299
tobinc@ballardspahr.com

April 14, 2025

*Via ECF*

Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue NW
Washington, D.C. 20001

    Re:    <u>*Associated Press v. Budowich, et al.*, No. 25-5109</u>

Dear Mr. Cislak:

    The Associated Press ("the AP") respectfully submits this letter in opposition to the government's "reiterated" request for an administrative stay of the District Court's April 8, 2025 injunction, which requires the government to "immediately rescind" the denial of AP's access to the Oval Office, Air Force One and other spaces open to the White House press pool, and to "immediately rescind [its] viewpoint-based denial of the AP's access to events open to all credentialed White House journalists." Prelim. Inj. Order at 41 (ECF 46). As the government acknowledges, the District Court's order is now in effect.

    An administrative stay is still not warranted in this case. When considering an application for an administrative stay, courts determine which path would "minimize harm while the court deliberates" and "can [be] influence[d]" by "the *Nken* factors," including the "underlying merits." *United States v. Texas*, 144 S. Ct. 797, 798-99 (2024) (Barrett, J., concurring in the denial of applications for stay) (citing *Nken v. Holder*, 556 U.S. 418, 429 (2009)). Here, as the District Court found following its careful review of the evidence, the AP – not the government – is likely to succeed on the merits. Furthermore, permitting the government to continue discriminating and retaliating against the AP based on viewpoint, even temporarily, would *increase* the harms while the Court deliberates. Indeed, the government will suffer *no* harm from the

injunction remaining in effect, while the AP will suffer *irreparable* harm from a stay of the injunction safeguarding its First Amendment rights. *See generally* Apr. 11, 2025 Mem. Order (ECF 55) (denying stay). The public interest also opposes a stay. *Id.*

Moreover, the government's only rationale for "reiterating" its request for a stay is erroneous. The government claims that the President "is subject to an order imposing terms on which he must admit individuals to the Oval Office and other restricted spaces," but as the District Court explained, it "simply [held] that under the First Amendment, if the Government opens its doors to *some* journalists—be it to the Oval Office, the East Room, or elsewhere—it cannot then shut those doors to *other* journalists because of their viewpoints." Prelim. Inj. Order at 2 (emphasis added). Thus, the Preliminary Injunction Order "does not mandate that all eligible journalists, or indeed *any* journalists at all, be given access to the President or nonpublic government spaces." *Id.* at 1 (emphasis in original).

We ask that you circulate this letter to the panel assigned to hear the stay motion.

Respectfully submitted,

*/s/ Charles D. Tobin*
Charles D. Tobin

cc: All counsel