# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 25-5109**                                    **September Term, 2024**

**1:25-cv-00532-TNM**

**Filed On:** July 22, 2025

Associated Press,

      Appellee

   v.

Taylor Budowich, in his official capacity as
White House Deputy Chief of Staff, et al.,

      Appellants

**BEFORE:**     Srinivasan, Chief Judge, and Henderson, Millett, Pillard, Wilkins,
Katsas, Rao, Walker*, Childs, Pan*, and Garcia, Circuit Judges

## O R D E R

Upon consideration of the emergency petition for rehearing en banc, construed as a motion for en banc reconsideration and vacatur of the court's June 6, 2025 order granting in part appellants' motion for a stay pending appeal, and the response thereto, it is

**ORDERED** that the motion be denied.

### Per Curiam

                              **FOR THE COURT:**
                              Clifton B. Cislak, Clerk

              BY:    /s/
                        Selena R. Gancasz
                        Deputy Clerk

* A statement by Circuit Judge Walker concurring in the denial of the motion for en banc reconsideration is attached.  Circuit Judge Pan joins as to all but section II of the statement.

WALKER, *Circuit Judge*, concurring in the denial of reconsideration en banc:

In this case, "White House officials excluded the AP from the Oval Office and other restricted spaces. Officials announced that access was denied because the AP continued to use the name Gulf of Mexico in its Stylebook, rather than the President's preferred Gulf of America."[1] The district court enjoined the Government from excluding the AP from "the Oval Office, Air Force One, and other limited spaces based on the AP's viewpoint when such spaces are made open to other members of the White House press pool."[2] An emergency panel of this court partially stayed the district court's injunction pending appeal.[3]

## I

There have been many name changes in recent years. The Cleveland Indians were renamed the Cleveland Guardians. George Washington University's Colonials were renamed the Revolutionaries. Fort Bragg was renamed Fort Liberty before it was renamed Fort Bragg again. And on and on.

Whether to embrace these name changes — or even to keep track of them — is at least in part a political choice. So this case about the AP's refusal to say "Gulf of America" is a case about the AP's political speech. And as a general matter,

---

[1] *Associated Press v. Budowich* ("*Associated Press II*"), No. 25-5109, 2025 WL 1649265, at *1 (D.C. Cir. June 6, 2025) (Rao, J., joined by Katsas, J.).

[2] *Associated Press v. Budowich* ("*Associated Press I*"), No. 25-cv-00532, 2025 WL 1039572, at *19 (D.D.C. Apr. 8, 2025).

[3] *Associated Press II*, 2025 WL 1649265, at *13.

2

political speech is highly protected speech that the government cannot compel or punish.[4]

In my view, the district court analyzed this case with force and eloquence through the lens of viewpoint discrimination and retaliation.[5]  Perhaps the district court would have declined to enjoin the Government if the Government had presented evidence when analogizing an Oval Office media event to a one-on-one interview.[6]  And perhaps the case would have come out differently if the AP had made the same concessions in district court that it made here.[7]

---

[4] *See* U.S. CONST. amend I; *Janus v. American Federal of State, County & Municipal Employees, Council 31*, 585 U.S. 878, 892-93 (2018); *Wooley v. Maynard*, 430 U.S. 705, 714-15 (1977); *Elrod v. Burns*, 427 U.S. 347, 359 (1976) (plurality opinion); *West Virginia State Board of Education v. Barnette*, 319 U.S. 624, 642 (1943); *see also Chelsey Nelson Photography LLC v. Louisville/Jefferson County Metro Government*, 479 F. Supp. 3d 543, 555 (W.D. Ky. 2020) (Walker, J.) ("A content-based limit on speech on topics outside politics and religion is highly suspect; a content-based limit on political or religious speech is worse; a viewpoint-based limit on such speech is even worse than that; and a viewpoint-based compulsion to speak on politics or religion is the worst of all.").

[5] *See Associated Press I*, 2025 WL 1039572, at *9-17.

[6] *See id.* at *13 ("To be sure, the Government seemingly views these Oval Office events as akin to dialogues, not observational newsgathering.    And perhaps there is something to that comparison. . . .   And the AP concedes that the Government may engage in viewpoint discrimination in selecting what reporters can interview senior officials.  But the Government neither called witnesses nor presented any evidence to support this analogy." (cleaned up)).

[7] *See Associated Press II*, 2025 WL 1649265, at *9 ("At oral argument, the AP agreed that the President or White House could

3

But the district court, understandably, decided the case based only on the arguments and evidence presented there.[8] And at least some First Amendment precedents suggest that if the Government "cannot exclude journalists based on viewpoint" from a presidential press conference "in the Brady Briefing Room,"[9] then the Government cannot exclude journalists from a presidential press conference in the Oval Office "merely because public officials oppose the [journalists'] view."[10]     For that reason, I have some reservations about the panel's decision.

In any event, the court's standard for en banc review is not met in today's case.  Correct or not, the emergency panel's unpublished stay is a nonprecedential order that did not purport

---

select a group of journalists each day to observe events in these spaces and that such selection would not be subject to forum analysis. The AP further conceded that the President could abolish the existing press pool or establish a new pool based on different criteria, including viewpoint.").

[8] *See National Association of Realtors v. United States*, 97 F.4th 951, 957 (D.C. Cir. 2024) (noting that we generally "adopt the framing of the dispute that is advanced by the parties because in our adversarial system of adjudication, we follow the principle of party presentation" (cleaned up)).

[9] *Associated Press II*, 2025 WL 1649265, at *6.

[10] *Perry Education Association v. Perry Local Educator's Association*, 460 U.S. 37, 46 (1983); *cf. Associated Press I*, 2025 WL 1039572, at *10 ("while the AP does not have a constitutional right to enter the Oval Office, it does have a right to not be excluded because of its viewpoint" (emphasis omitted)); *id.* at *12 (The district court "takes the Government's point that the Oval Office is no ordinary government space.  But given the square directive of [*Price v. Garland*, 45 F.4th 1059 (D.C. Cir. 2022)] that forum analysis applies to communicative activity, this Court is bound to follow that precedent." (citation omitted)).

4

to resolve the appeal's merits. And an order's inability to create an enduring intracircuit conflict or to bind future panels to an exceptionally important legal principle strongly counsels against full-court intervention.[11]

## II

Time will tell if today's decision marks a lasting return to this court's high standard for en banc review.[12]

---

[11] *See* FED. R. APP. P. 40(b)(2)(A), (D); *cf. Lewis v. Becerra*, No. 23-5152, 2025 WL 37164, at *1, *3 (D.C. Cir. Jan. 7, 2025) (Pillard, J., concurring in the denial of rehearing en banc) (noting "reservations about the panel's opinion" but agreeing with the panel that its opinion "may have little precedential effect"); Harry T. Edwards, *Collegial Decision Making in the U.S. Courts of Appeals* 25-26 (NYU School of Law, Public Law Research Paper No. 17-47, 2017) ("[T]he members of the court should minimise *en banc* review of panel decisions. *En banc* review is consuming, often inefficient, sometimes unduly contentious, and, some judges would say, rarely worth the effort. *En banc* review should be reserved for only singularly important issues, or situations when the law of the circuit is in disarray and needs to be clarified.").

[12] *But see, e.g.*, *Widakuswara v. Lake*, No. 25-5144, 2025 WL 1521355 (D.C. Cir. May 28, 2025) (en banc); *Middle East Broadcasting Networks, Inc. v. United States*, No. 25-5150, 2025 WL 1378735 (D.C. Cir. May 7, 2025) (en banc).