**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 305-8648

October 1, 2026

Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue NW
Washington, D.C. 20001

RE: *Associated Press v. Budowich, et al.*, No. 25-5109
(argued Nov. 24, 2025)

Dear Mr. Cislak:

The government respectfully responds to the letter submitted by the Associated Press (AP) concerning *CNN v. Trump*, 2026 WL 2868560 (D.D.C. Sept. 24, 2026).

The order in *CNN* concerns the White House's revocation of hard passes held by certain journalists, which effectively excluded these journalists from the entirety of the White House, including its press facilities. The district court entered a temporary restraining order on the basis that the White House had failed to provide sufficient process before revoking the hard passes.

Litigation in *CNN* is ongoing. But however that litigation is ultimately resolved, it will have little bearing on the issues before this Court. Most importantly, the district court here did not reach the AP's due process claim, and so it is not before the Court now. *See Sherley v. Sebelius*, 644 F.3d 388, 398 (D.C. Cir. 2011) (refusing to "uphold[] a preliminary injunction based upon a legal theory not embraced by the district court").

Even if this Court could reach the due process claim, it is meritless. *CNN*, and the authority that it invokes, concern hard passes. *See CNN*, 2026 WL 2868560, at *1; *Sherill v. Knight*, 569 F.2d 124, 130 (D.C. Cir. 1977) (concerning the "interest of a bona fide Washington correspondent in obtaining a White House press pass"); *Karem v. Trump*, 960 F.3d 656, 665 (same) (D.C. Cir. 2020). Were there any doubt, *Sherrill* made clear that its holding concerned "press facilities" that are "perceived as being open to all bona fide Washington-based journalists." 569 F.2d at 129 (footnote omitted).

Here, the AP does not suggest that its hard passes have been revoked, or that it has been excluded from press facilities that are "perceived as being open to all bona fide Washington-based journalists." *Sherill*, 569 F.2d at 129 (footnote omitted). It instead seeks access to spaces like the Oval Office and Air Force One, which are among the most tightly controlled spaces on the planet. Whatever due process interests attach to a hard pass—the question in *CNN*—no authority suggests a due process right to enter the Oval Office or board Air Force One.

Sincerely,

*/s/ Steven A. Myers*
Steven A. Myers

cc: All counsel